Aaron V. Rocke
E. Ross Farr
ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
aaron@rockelaw.com
ross@rockelaw.com
(206) 652-8670

Seth Rosenberg
Rosenberg Law Group, PLLC
500 Union Street, Suite 510
Seattle, WA 98101
seth@rosenberglawgroup.net
(206) 407-3300 (Phone)
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT TUPPER, an individual | Case No.: |
| Plaintiff, | COMPLAINT |
| vs. | |
| BROOKS AUTOMATION, INC., a Washington corporation, | |
| Defendant. | |

Plaintiff Robert Tupper complains and avers as follows:

## I.    PARTIES, JURISDICTION, AND VENUE

1.1  <u>Status of Plaintiff</u>.  Plaintiff Robert Tupper is an individual, who at all times material hereto resided in Washington State and was employed by Defendant in Spokane, Washington State.

COMPLAINT – 1

1.2     <u>Status of Defendant</u>. Brooks Automation, Inc. (Brooks) is a foreign corporation for-profit company, incorporated in Delaware.  Upon information and belief, it transacts business in Washington State.  It employed Plaintiff in Spokane, Washington State.

1.3     <u>Jurisdiction</u>. This court has jurisdiction over all parties and subject matter in this complaint. Subject matter jurisdiction is supported by a federal question. *See* 28 U.S.C. § 1331.

1.4     <u>Venue</u>.  Venue is proper in U.S. District Court for the Eastern District of Washington because the activities which give rise to these allegations took place in Spokane, Washington.

## II.    FACTS

2.1     Mr. Tupper was hired as a manufacturing technician for Matrical, a company that, on information and belief, was purchased by Defendant Brooks Automation, Inc. in 2013.

2.2      Mr. Tupper does not have an advanced engineering degree.  He acquired his skill by experience rather than by advanced specialized intellectual instruction with respect to his job qualifications.

2.3     Mr. Tupper was paid hourly and was paid an overtime rate by Matrical when he worked over 40 hours per week.

COMPLAINT – 2

ROCKE | LAW Group, PLLC
101 Yesler Way, Suite 603
Seattle, WA 98104
(206) 652-8670

2.4     On or about November 3, 2015, and after Brooks purchased Matrical, Brooks changed Mr. Tupper's job title from "manufacturing technician" to "field services engineer."

2.5     Brooks told Mr. Tupper that he would earn a salary and would neither be paid by the hour or an overtime rate, although Mr. Tupper's background and job duties had not changed and the law requires paying him by the hour and at an overtime rate for hours in excess of 40 hours per week.

2.6     Mr. Tupper is entitled to compensation for certain travel time that was integral and indispensable to Mr. Tupper's work for the employer as work time.

2.7     Brooks is required to maintain records of Tupper's work time; Brooks did not require, create, or maintain such records.

2.8     Mr. Tupper's job duties or expectations did not change after November 3, 2015 and still required him to frequently work in excess of 40 hours per week.

2.9     When Mr. Tupper expressed his disagreement with being categorized as "exempt" from overtime, Brooks refused to reclassify his position or pay him in accordance with legal requirements. Tupper may have been retaliated against as a result of his disagreement.

2.10 From November 2015 through the end of his employment in February 2016 Mr. Tupper frequently had to work in excess of 40 hours per week.

2.11 Brooks had multiple in-house lawyers advising it on compliance with employment laws such that any non-compliance should be deemed willful.

2.12 Brooks willfully refused to pay Mr. Tupper overtime for the time he worked in excess of 40 hours per week from November 2015 through the end of his employment in February 2016.

2.13 Brooks willfully failed to pay Mr. Tupper for accrued vacation.

2.14 Brooks willfully withheld compensation in the form of a regular contribution to Mr. Tupper's 401k retirement account.

### III.    CAUSES OF ACTION

**3.1 VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND THE WASHINGTON MINIMUM WAGE ACT.**

3.1.1. Brooks misclassified Mr. Tupper's position as "exempt" from overtime in violation of state and federal law, including the Washington Minimum Wage Act (Chapter 49.46 RCW) and Fair Labor Standards Act of 1938 (29 U.S.C. 206).

3.1.2. Mr. Tupper's position at Brooks was non-exempt from overtime regulations, and Brooks misclassified him to avoid paying him correctly.

    3.1.3.    Mr. Tupper was required to travel and was not compensated for hours worked pursuant to the Portal-to-Portal Act and related regulations.

    3.1.4.    Time spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked. 29 C.F.R. 785.38.

    3.1.5.    Travel that keeps an employee away from home overnight is travel away from home. Travel away from home is clearly worktime when it cuts across the employee's workday. The employee is simply substituting travel for other duties. The time is not only hours worked on regular working days during normal working hours but also during the corresponding hours on nonworking days. Thus, if an employee regularly works from 9 a.m. to 5 p.m. from Monday through Friday the travel time during these hours is worktime on Saturday and Sunday as well as on the other days. 29 C.F.R. 785.39.

    3.1.6.    Brooks willfully refused to pay Mr. Tupper time and a half for hours he worked in excess of 40 hours per week.

    3.1.7.    Tupper was entitled to meal and rest breaks. Brooks neither advised him of his rights, offered him them, provided a system to permit or encourage them, paid him correctly for them, nor kept required records.

**3.2 VIOLATIONS OF RCW 49.52.050 AND 49.52.070.**

3.2.1   Brooks willfully and with intent to deprive Mr. Tupper of his wages, paid Mr. Tupper a lower wage than Brooks was obligated to pay when it failed to pay him overtime, accrued paid time off, and unrealized retirement account contributions.

3.2.2   Brooks is liable to Mr. Tupper for double damages and his attorney fees.

3.2.3   Interest on Mr. Brooks unpaid wages is accruing at 12 percent per annum.

## IV.   PRAYER FOR RELIEF

Plaintiff requests judgment as follows:

(1)  Compensatory, exemplary, liquidated, and punitive damage, including tax consequences, if any;

(2)  Attorney's fees and costs;

(3)  Declaratory judgment that Mr. Tupper's position as "field services engineer" is not exempt from overtime requirements;

(4)  Injunctive relief requiring the employer to correctly classify all current and former employees in the same job position, to notify them of their legal rights through posting and individual notice, training for managers and employees on compliance, to pay all employees properly

      (including back pay), court review of written policies to demonstrate employer's compliance, and to annually report compliance to this Court for three years; and

(5)    For other such relief as the Court may deem just and proper.

Dated this 13th day of October, 2016.

                                    ROCKE | LAW Group, PLLC
                                    /s/ Aaron V. Rocke
                                  Aaron V. Rocke, WSBA #31525
                                  E. Ross Farr, WSBA #32037
                                  Attorney for Plaintiff
                                  101 Yesler Way, Suite 603
                                  Seattle, WA 98104
                                  ross@rockelaw.com
                                  (206) 652-8670